**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1570**

PAM KINCAID,

        Plaintiff - Appellant,

      v.

JAMES W. ANDERSON; RUSSELL COUNTY (VIRGINIA) DEPARTMENT OF
SOCIAL SERVICES; BOARD OF RUSSELL COUNTY (VIRGINIA)
DEPARTMENT OF SOCIAL SERVICES,

        Defendants - Appellees,

      and

RUSSELL COUNTY (VIRGINIA); HARRY FERGUSON, Chairman of the
Board of Social Services of Russell County (Virginia); ROGER
BROWN, Vice-Chairman of the Board of Social Services of
Russell County (Virginia); LAUREL RASNICK, Member of the
Board of Social Services of Russell County (Virginia); BILL
HALE, Member of the Board of Social Services of Russell
County (Virginia); REBECCA DYE, Member of the Board of
Social Services of Russell County (Virginia),

        Defendants.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, District
Judge.  (1:14-cv-00027-JPJ-PMS)

Submitted: February 28, 2017      Decided: March 3, 2017

Before DUNCAN and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

Melvin E. Williams, MEL WILLIAMS PLC, Roanoke, Virginia, for Appellant. Edward G. Stout, Jr., Bristol, Virginia; Henry S. Keuling-Stout, KEULING-STOUT, P.C., Big Stone Gap, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pam Kincaid filed a complaint asserting numerous causes of action arising from her employment as a social work supervisor with the Russell County, Virginia, Department of Social Services ("RCDSS"). Kincaid asserted sex- and religion-based discrimination, harassment, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 (2012), and claims under the Family and Medical Leave Act of 1993, 29 U.S.C.A. §§ 2601-2654 (West 2012 & Supp. 2016), against Russell County, RCDSS, and the RCDSS Board. She also raised claims against these Defendants, as well as five individual members of the Board and her former supervisor, James W. Anderson, for due process violations under 42 U.S.C. § 1983 (2012) and for defamation and intentional infliction of emotional distress under Virginia law. Kincaid appeals the district court's orders dismissing most of her claims and granting summary judgment to Defendants on the remaining claims. Finding no reversible error, we affirm.

Kincaid first contests the district court's ruling that RCDSS, the Board, and the Board members in their official capacities were entitled to state sovereign immunity from all of her claims except for those brought under Title VII. We review questions of sovereign immunity de novo. Wright v. North Carolina, 787 F.3d 256, 261 (4th Cir. 2015). While states are

3

generally immune from suit in federal court, this immunity "does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." Alden v. Maine, 527 U.S. 706, 756 (1999).

In determining whether a governmental entity is an arm of the state, the most important factor is "whether a judgment against the governmental entity would have to be paid from the State's treasury." Cash v. Granville Cty. Bd. of Educ., 242 F.3d 219, 223 (4th Cir. 2001). As the record here contains no evidence regarding this factor, we look to "(1) the degree of control that the State exercises over the entity or the degree of autonomy from the State that the entity enjoys; (2) the scope of the entity's concerns—whether local or statewide—with which the entity is involved; and (3) the manner in which State law treats the entity." Id. at 224. We discern no error in the district court's conclusion that these considerations, on balance, weigh in favor of RCDSS functioning as an arm of the state. We therefore affirm the district court's sovereign immunity determination.

Next, Kincaid challenges the district court's dismissal of her due process and state-law causes of action against the Board members in their individual capacities for failure to state a claim. We review de novo a district court's dismissal for failure to state a claim, accepting the complaint's factual

4

allegations as true and drawing all reasonable inferences in the nonmoving party's favor. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012); see Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

We agree with the district court that Kincaid failed to state a claim against the individual Board members with respect to any of her causes of action. First, because Kincaid held her supervisory position with RCDSS on a probationary basis, she had no constitutionally protected property interest in continuing to hold that position. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972); Andrew v. Clark, 561 F.3d 261, 269 (4th Cir. 2009). As a result, the Board's decision to demote her temporarily to a nonsupervisory position did not violate the Fourteenth Amendment due process clause. Nor did Kincaid adequately state a due process claim concerning a protected liberty interest, for she failed to allege that any Board member made public the reasons for her demotion. See

5

Sciolino v. City of Newport News. Va., 480 F.3d 642, 645-46 (4th Cir. 2007).

Similarly, the absence of an allegation that the Board members published a false statement about Kincaid fatally undermines her defamation claim. See Jordan v. Kollman, 612 S.E.2d 203, 206-07 (Va. 2005). Furthermore, Kincaid's allegations against the Board members do not remotely approach the level of outrageousness necessary to sustain a claim of intentional infliction of emotional distress under Virginia law. See Russo v. White, 400 S.E.2d 160, 162 (Va. 1991). Consequently, we affirm the district court's dismissal of all claims against the Board members in their individual capacities.

Finally, Kincaid argues that the district court erred by granting summary judgment to RCDSS and the Board on her Title VII claims, and to Anderson on all claims directed against him. We review de novo a district court's order granting summary judgment. Harris v. Norfolk S. Ry. Co., 784 F.3d 954, 962 (4th Cir. 2015). Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014).

6

In reviewing this issue, we first conclude that the district court committed no reversible error by declining to consider Kincaid's interrogatory responses when ruling on Defendants' motions for summary judgment. Although interrogatory answers are appropriate materials for summary judgment purposes, Fed. R. Civ. P. 56(c)(1)(A), Kincaid's responses here were not properly attested, and the district court did not abuse its discretion in refusing to accept them. See Fed. R. Civ. P. 33(b)(3), (5); Nader v. Blair, 549 F.3d 953, 963 (4th Cir. 2008) (stating standard of review). We further agree with the district court that the other evidence in the record fails to establish a genuine dispute of material fact with regard to any of Kincaid's remaining claims, and we thus affirm the district court's grant of summary judgment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED